**Edkin v. The Travelers Companies**

*Joseph R. Musto,* for plaintiff.
*Jeffrey E. Piccola,* for defendant.

RAUP, *P.J.,* July 7, 1988 — Before the court are defendant's preliminary objections to plaintiff's amended complaint. Plaintiff filed his original complaint on June 23, 1987, and filed an amended complaint on December 30, 1987. The amended complaint incorporates the original complaint by reference as count I and adds the second count, to which defendant has filed preliminary objections.

The factual allegations of the complaint, which we must accept as true for purposes of determining preliminary objections, are as follows:

On or about January 1, 1987 plaintiff was injured in an automobile accident which occurred while he was a passenger in an automobile driven by his father. His father did not have insurance coverage as required by the Pennsylvania Motor Vehicles Financial Responsibility Act, 75 Pa.C.S. §1701 et seq., at the time of the accident. Plaintiff therefore applied for insurance benefits under the Pennsylvania Financial Responsibility Assigned Claims Plan, 75 Pa.C.S. §1751 et seq., on February 4, 1987. By letter dated February 17, 1987, defendant notified plaintiff that it had been assigned to act as the servicing carrier of plaintiff's claim.

Plaintiff contends that his injuries were the result of his father's negligence in operating the automobile, and that defendant, as servicing carrier of plaintiff's claim, is required to provide benefits of up to $15,000 pursuant to 75 Pa.C.S. §1754. However, defendant has refused to investigate the claim or to pay the benefit. Plaintiff claims that defendant's actions constitute a bad-faith refusal to act and he therefore seeks compensatory and punitive damages under the assigned claims plan.

Count II, which is at issue here, claims further damages under the Unfair Trade Practices and Consumer Protection Act, 73 Pa.C.S. §101 et seq.

Specifically, plaintiff contends that defendant's actions constitute unfair claims settlement or compromise practices by failing to investigate plaintiff's claim within a reasonable time; failing to affirm or deny coverage of claims within a reasonable time after proof of loss has been communicated to defendant; and failing to effectuate prompt, fair and equitable settlements of the claim. Plaintiff argues that such conduct on defendant's part is prohibited by the Unfair Trade Practices and Consumer Pro-

tection Law and entitles the plaintiff to recover treble damages under 73 Pa.C.S. §201-9.2.

Defendant has objected to count II of the complaint on two grounds. The first is a motion to strike count II as not conforming to law. Defendant argues that it is not acting as plaintiff's insurer, but is standing in place of the Pennsylvania assigned claims plan. Because defendant is not an insurer per se, it argues that neither the Unfair Insurance Practices Act nor the Unfair Trade Practices and Consumer Protection law is applicable.

Defendant's second objection to the complaint is that the court lacks jurisdiction to hear actions brought under the Unfair Insurance Practices Act because exclusive jurisdiction is vested in Pennsylvania's commissioner of insurance.

In deciding whether the Unfair Trade Practices and Consumer Protection Law (CPL) is applicable to the Pennsylvania assigned claims plan, one need only look at the specific language of section 201-9.2(a) which specifically provides that "any person who purchases or leases goods or services . . . and thereby suffers . . . loss . . . as a result of the use of employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action . . . " 73 Pa.C.S. §201-9.2(a).

Further, the Pennsylvania Supreme Court has held that the purpose of the CPL is to "place on more equal terms seller and consumer." *Commonwealth v. Monumental Properties Inc.,* 459 Pa. 4500, 329 A.2d 812 (1974).

With the above in mind, we hold that the CPL does not apply in this case. There has been no allegation of a seller/consumer relationship between plaintiff and defendant, especially as plaintiff did not purchase an insurance policy from defendant Travelers. Rather, the assigned claims plan gives to

certain accident victims, who are not covered by privately obtained insurance, the right to recover benefits. Plaintiff's claim for damages under the CPL will therefore be dismissed.

As noted above, defendant has questioned this court's jurisdiction over plaintiff's claim. Defendant contends that this court has no jurisdiction over plaintiff's Unfair Insurance Practices Act (UIPA) claim as exclusive jurisdiction over such actions is vested in the commissioner of insurance. Plaintiff, however, argues that we do have jurisdiction and relies on *Pekular v. Eich,* 355 Pa. Super. 276, 513 A.2d 427 (1986) in support of his position. *Pekular* holds that where an insurance company violates the provisions of the UIPA, a private cause of action under the CPL may be maintained in a court of common pleas. However, there is a factual distinction between *Pekular* and the present case. *Pekular* addressed a situation in which the plaintiff had purchased directly an insurance policy from the defendant. In this case, there was no such consumer/seller relationship; therefore, we agree with defendant that the Pennsylvania Insurance Commission has jurisdiction over this action pursuant to 40 Pa.C.S. §1171.7. That section empowers the insurance commissioner of Pennsylvania to "examine and investigate the affairs of every person in this state" to determine whether the UIPA has been violated. Defendant's preliminary objections to count II will be sustained. Count II is dismissed.

## ORDER

And now, July 7, 1988, for the reasons set forth in the foregoing opinion, defendant's preliminary objections to count II of plaintiff's amended complaint are sustained, and count II is dismissed.